## WOODS v. BURG et al.

### Civ. No. 2662.

United States District Court
D. Minnesota, Fourth Division.
Sept. 28, 1948.

Patrick J. O'Connor, Litigation Attorney, Office of the Housing Expediter of Chicago, Ill., and Alex Dim, Chief Area Rent Attorney, of Minneapolis, Minn., for plaintiff.

Theodor Herman, of Minneapolis, Minn., for defendants.

NORDBYE, Chief Judge.

This case should be distinguished from Woods v. Krizan, et al., D.C.1948, 81 F. Supp. 121, in which I expressed my view as to the propriety of granting an injunction against eviction proceedings by a group of bona fide tenants in common. In the Krizan case, there was a good-faith purchase by a group of individuals who had paid down a substantial sum in a group purchase of an apartment building. The showing in that case abundantly establishes such facts. However, in this case the original defendants, Mayme Burg, Walter Burg, John Burg, and Jacob T. Dosch, were the owners, or agents for the owners, of the apartment building in question, and early this year the Housing Expediter brought these proceedings to restrain them from violating the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., and for the restitution of certain rent overcharges and other relief. An interlocutory injunction was granted on the petition of the Expediter on or about February 2, 1948. On July 13, 1948, this Court made its order permitting plaintiff to file a supplemental complaint wherein certain additional defendants were joined, all of whom had entered into alleged contracts for the purchase of the apartment building referred to in the original complaint and who threatened eviction proceedings against certain of the tenants of the housing accommodations in said building.

Plaintiff then instituted this motion on the supplemental complaint and on the evidence adduced at said hearing to restrain

the original and the additional defendants from attempting to evict any of the tenants who had not entered into the so-called purchase arrangements. In support of his motion, plaintiff relied in part on Section 8(a) of the Controlled Regulation, which provides:

"Sec. 8. Evasion—(a) General. The maximum rents and other requirements provided in this regulation shall not be evaded, either directly or indirectly, in connection with the renting or leasing or the transfer of a lease of housing accommodations, by way of absolute or conditional sale, sale with purchase money or other form of mortgage, or sale with option to repurchase or by modification of the practices relating to payment of commissions or other charges or by modification of the services furnished with housing, or by tying agreement, or otherwise."

This group purchase was conceived as a plan to evade the Housing Act, and some of the prospective purchasers were told that they were not entering into a binding contract for deed, but that they could default at any time they desired without any further obligation. In fact, some of them considered the transaction as one of rent rather than purchase. Others may have vaguely thought that they were purchasing an apartment and that their interest in the real estate was the apartment allocated to them, distinct, separate and exclusive from any other apartment assumed to have been sold to any other purchaser. Apparently, the first attempt of the original owners was to sell the apartments on a separate apartment plan; that is, instead of purchasing an undivided interest in the building, each purchaser assumed to buy an apartment as such. Later, however, this plan was cancelled and that type of a transaction was abandoned, and separate contracts for deed were made out by the Burgs and Dosch to some 14 purchasers assuming to sell an undivided $\frac{1}{14}$ interest in the building to each purchaser. However, these contracts were not completed before this motion was instituted by the Housing Expediter to enjoin any eviction proceedings by reason of the so-called sale of the apartment building to these purchasers. And at the time this motion was heard by the Court, it did not appear that these purchasers had obtained any legal or equitable title to the building. In any event, their contracts have not been delivered so as to consummate a completed transaction. It seems indubitable, therefore, that when this transaction of the Burgs and Dosch was contemplated and entered into with the purchasers, it was conceived and perpetrated in direct violation of Section 8(a) of the Controlled Regulation, and any steps that were taken by the parties thereafter to change the transaction from the purchase of separate apartments in the building to the purchase of an undivided interest in the premises did not absolve the defendants from the taint of the original scheme and plan.

On this showing, therefore, I am of the opinion that the temporary injunction should be granted as prayed for. Findings of fact and conclusions of law in harmony herewith may be presented.

An exception is allowed.